WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edwin Cortes,<br><br>                Plaintiff,<br><br>v.<br><br>Phoenix, City of, et al.,<br><br>                Defendants. | No. CV-16-00146-PHX-JAT<br><br>**ORDER** |

Plaintiff has filed a document he titled "complaint requesting judicial administrative hearing." Doc. 1. Plaintiff also moved to proceed in forma pauperis. Doc. 2.

**I.      Legal Standards**
    **A.      28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

…

    **B.      Rule 8**, **Federal Rules of Civil Procedure**

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a).  "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).  A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

## II. Complaint in this case

Plaintiff's complaint, quoted in its entirety, states:

Res dicata in case CV 15-01702-PHX-DLR, or in any case filed from Plaintiff Edwin Cortes in The Federal District Court (Sandra Day O'Connor), cannot apply and is not binding, because Plaintiff Cortes was not given full, and fair opportunity to be heard, this caused Breach, and Violation of Preservation of Status Quo, this invalidated the premise of taking some specific action in order to prevent injustice. (citations omitted).

Doc. 1 at 1.

This complaint fails to state a claim.  As far as the Court can discern, Plaintiff filed this case as a placeholder to challenge a decision of another Judge in this district in a different case filed by Plaintiff.  This Court does not sit as an appellate court over other judges in this district.  For this reason, any amendment to this complaint would be futile; thus, this Court will not sua sponte grant leave to amend.

Based on the foregoing,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this case is dismissed, with prejudice, for the reasons stated above and the Clerk of the Court shall enter judgment accordingly.

Dated this 28th day of January, 2016.

James A. Teilborg
Senior United States District Judge

- 2 -